UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 5:11-cv-04005-MWB |
| v. | |
| LOWELL GENE "BOB" HANCHER, COMMERCE STREET VENTURE GROUP, INC., EDWARD T. WHELAN, and GRACE HOLDINGS, INC., | |
| Defendants. | |

## AMENDED FINAL JUDGMENT AS TO DEFENDANT LOWELL GENE "BOB" HANCHER

The Securities and Exchange Commission having filed a Complaint and Defendant Lowell Gene "Bob" Hancher ("Hancher") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Hancher and Defendant Hancher's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15

- 1 -

U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Hancher and Defendant Hancher's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Hancher and Defendant Hancher's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Hancher and Defendant Hancher's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-1 promulgated under the Exchange Act [17 C.F.R. § 240.13b1] by knowingly falsifying any book, record or account required to be kept under Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

### V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Hancher and Defendant Hancher's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from

violating, directly or indirectly, Rule 13b2-2 promulgated under the Exchange Act [17 C.F.R. § 240.13b2] by:

(a) making or causing to be made, a materially false or misleading statement to an accountant in connection with:

  i. an audit, review, or examination of the financial statements of an issuer required to be made under Section 13 of the Exchange Act [15 U.S.C. § 78m]; or

  ii. the preparation or filing of any document or report required to be filed with the Commission under Section 13 of the Exchange Act [15 U.S.C. § 78m]; or

(b) omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with:

  i. an audit, review, or examination of the financial statements of an issuer required to be made under Section 13 of the Exchange Act [15 U.S.C. § 78m]; or

  ii. the preparation or filing of any document or report required to be filed with the Commission under Section 13 of the Exchange Act [15 U.S.C. § 78m].

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Hancher and Defendant Hancher's agents, servants, employees, attorneys, and all

persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by, directly or indirectly, making use of the mails, or any means or instrumentality of interstate commerce, to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without being registered with the Commission in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)], or being associated with a registered broker-dealer as required by Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)].

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Hancher and Defendant Hancher's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20 and 240.13-13], by knowingly providing substantial assistance to an issuer that:

- (a) fails to file any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder; or

- (b) files a report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder that (1) contains an untrue statement of material fact; (2)

fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading; or (3) fails to disclose any information required to be disclosed therein.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant Hancher is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## IX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Hancher is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## X.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Hancher is liable for disgorgement of $2,386,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the

amount of $602,405, for a total of $2,988,405. Defendant Hancher shall satisfy this obligation by paying $$2,988,405 to the Clerk of this Court, together with a cover letter identifying Lowell Gene "Bob" Hancher as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Hancher shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant Hancher relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant Hancher. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendant Hancher shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## XI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Hancher shall pay a civil penalty in the amount of $130,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant Hancher shall make this payment by certified check, bank cashier's check,

- 7 -
Case 5:11-cv-04005-MWB-CJW   Document 13   Filed 01/25/11   Page 7 of 9

or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Lowell Gene "Bob" Hancher as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Hancher shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## XII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Hancher (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant Hancher's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant Hancher's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant Hancher in any United States District Court for purposes of enforcing any such subpoena.

## XIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Hancher's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Hancher shall comply with all of the undertakings and agreements set forth therein.

## XIV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XV.

There being no just reason for delay, pursuant to Rule 54(b) of Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 1/25/2011

_____
HONORABLE MARK W. BENNETT
UNITED STATES DISTRICT COURT JUDGE